UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,         )
                                  )
            Plaintiff,            )
                                  )
        v.                        )   Civil No.   **08 0322**
                                  )
UNITEDHEALTH GROUP                )   Filed:
INCORPORATED and                  )
SIERRA HEALTH SERVICES, INC.,     )
                                  )
            Defendants.           )
_____)

## HOLD SEPARATE AND ASSET PRESERVATION STIPULATION AND ORDER

It is hereby stipulated and agreed by and between the undersigned parties, subject to approval and entry by the Court, that:

### I. DEFINITIONS

As used in this Asset Preservation Stipulation and Order ("Stipulation and Order"):

A.   "Acquirer" means the entity to whom the Divestiture Assets are Divested.

B.   "Clark County" means Clark County, Nevada.

C.   "Clark County CMS Plans" means the individual Medicare Advantage plans offered under CMS Plan Nos. H2949-002, H2949-009, and H2949-012, but does not include any Series 800 Medicare Advantage plans offered to retirees through commercial customers or contracts.

D.   "Clark and Nye County CMS Plans" means the Clark County CMS Plans and the Nye County CMS Plans.

E.   "CMS" means the Centers for Medicare and Medicaid Services, an agency within the U.S. Department of Health and Human Services.

F.   "Divestiture Assets" means all tangible and intangible assets dedicated to the administration, operation, selling, and marketing of the Clark and Nye County CMS Plans, including (1) all of United's rights and obligations under United's Medicare Contract No. H2949 with CMS relating to the Clark and Nye County CMS Plans, including the right to offer the Medicare Advantage plan to individual enrollees pursuant to the bids and Evidence of Coverage filed with CMS in 2007 for the 2008 contract year, and the right to receive from CMS a per member per month capitation payment in exchange for providing or arranging for the benefits enumerated in the bids and Evidence of Coverage, and (2) copies of all business, financial and operational books, records, and data, both current and historical, that relate to the Clark County CMS Plans or the Nye County CMS Plans. Where books, records, or data relate to the Clark County CMS Plans or the Nye County CMS Plans, but not solely to these Plans, United shall provide excerpts relating to these Plans. Nothing herein requires United to take any action prohibited by the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

G.   "Evidence of Coverage" means the document that outlines an enrollee's benefits and exclusions under a Medicare Advantage Plan.

H.   "Las Vegas Area" means Clark County and Nye County.

I.   "Medicare Advantage Line of Business" means the operations of United that implement and administer the Clark and Nye County CMS Plans.

J.   "Medicare Advantage Plan" means Medicare Advantage health maintenance

organization plans, Medicare Advantage preferred provider organization plans, and Medicare Advantage private fee-for-service plans, as defined by 42 U.S.C. § 1395w-21(a)(2).

    K.    "Nye County" means Nye County, Nevada.

    L.    "Nye County CMS Plans" means the individual Medicare Advantage plans offered under CMS Plan Nos. H2949-007 and H2949-011, but does not include any Series 800 Medicare Advantage plans offered to retirees through commercial customers or contracts.

    M.    "Sierra" means Defendant Sierra Health Services, Inc., a Nevada corporation with its headquarters in Las Vegas, Nevada, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their respective directors, officers, managers, agents, and employees.

    N.    "Transaction" means the merger contemplated by the Agreement and Plan of Merger dated as of March 11, 2007, by and among United, Sapphire Acquisition, Inc. and Sierra.

    O.    "United" means Defendant UnitedHealth Group Incorporated, a Minnesota corporation with its headquarters in Minnetonka, Minnesota, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their respective directors, officers, managers, agents, and employees.

## II. OBJECTIVES

The proposed Final Judgment filed in this case is meant to ensure Defendants' prompt divestiture of the Divestiture Assets for the purpose of preserving viable competition in the sale of Medicare Advantage Plans in Clark and Nye Counties in order to remedy the effects that the United States alleges would otherwise result from United's acquisition of Sierra. This

Stipulation and Order ensures that until the divestiture required by the proposed Final Judgment has been accomplished, the Divestiture Assets remain as economically viable, competitive, and ongoing business concerns; that competition is maintained during the pendancy of the ordered divestitures; and that the Divestiture Assets will be preserved and maintained. This Stipulation and Order also ensures that Sierra remains an independent, economically viable, and ongoing business concern and that competition is maintained between United and Sierra until the divestiture of the Divestiture Assets under the proposed Final Judgment is accomplished.

### III. JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter of this action and over each of the parties hereto, and venue of this action is proper in the United States District Court for the District of Columbia. The complaint states a claim upon which relief may be granted against Defendants under Section 7 of the Clayton Act, 15 U.S.C. § 18.

### IV. COMPLIANCE WITH AND ENTRY OF THE PROPOSED FINAL JUDGMENT

A. The parties stipulate that the proposed Final Judgment may be filed with this Court by the United States and may be entered by the Court, upon the motion of any party or upon the Court's own motion, at any time after compliance with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, and without further notice to any party or other proceedings, provided that the United States has not withdrawn its consent, which it may do at any time before the entry of the proposed Final Judgment by serving notice thereof on the Defendants and by filing that notice with the Court.

B. Defendants shall abide by and comply with the provisions of the proposed Final

Judgment pending its entry by the Court, or until expiration of time for all appeals of any Court ruling declining entry of the proposed Final Judgment, and shall, from the date of the signing of this Stipulation and Order by the parties, comply with all the terms and provisions of the proposed Final Judgment as though the same were in full force and effect as an order of the Court.

    C.    Defendants shall not consummate the transaction sought to be enjoined by the Complaint herein before the Court has signed this Stipulation and Order.

    D.    This Stipulation and Order shall apply with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to the Court.

    E.    In the event: (1) the United States has withdrawn its consent, as provided in Section IV(A) above, or (2) the proposed Final Judgment is not entered pursuant to this Stipulation and Order, the time has expired for all appeals of any Court ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, then the parties are released from all further obligations under this Stipulation and Order, and the making of this Stipulation and Order shall be without prejudice to any party in this or any other proceeding.

    F.    Defendants represent that the divestitures ordered in the proposed Final Judgment can and will be made, and that Defendants will later raise no claim of mistake, hardship or difficulty of compliance as grounds for asking the Court to modify any of the provisions contained therein.

## V. **HOLD SEPARATE AND PRESERVATION OF SIERRA**

For the duration of the period specified in Section VII:

A.  Defendant Sierra shall operate as an independent, ongoing, economically viable competitive business held separate, distinct and apart from Defendant United's operations. Within twenty (20) days after the entry of the Stipulation and Order, Defendants will inform the United States and any Monitoring Trustee of the steps they have taken to comply with this Stipulation and Order.

B.  Defendants shall not coordinate any aspect of their commercial operations, including the marketing or sales of any products. Defendant United may ensure that Sierra complies with United's policies and procedures relating to compliance with environmental, health, safety, human resource, and securities or other laws and regulations. Other than as excepted above, Defendants shall take all steps necessary to ensure that:

   (1) United does not attempt to influence, direct, or control the management of Sierra with regard to any aspect of its competitive operations; and

   (2) the management of Sierra acts to maintain and increase its sales and revenues, and maintain operational, promotional, advertising, sales, technical, customer-service, and marketing support at previously approved levels for 2008.

C.  Defendants shall take all steps necessary to ensure that Sierra will be maintained and operated as an ongoing, economically viable and active competitor in the marketing and sale of Medicare Advantage and commercial health plans.

D.  Defendant United shall not, except as approved by the United States, remove, sell, lease, assign, transfer, destroy, pledge or otherwise dispose of any asset of Sierra outside the ordinary course of business.

E.  Other than for cause, Defendants shall not transfer or terminate, or alter to the detriment of any employee, any current employment or salary agreements for any Sierra employee who on the date of entry of this Stipulation and Order works for Sierra; provided, however, that this Section V(E) does not prohibit any employment agreement between United and any Sierra employee that is entered into prior to the date of this Stipulation and Order and that becomes effective upon consummation of the Transaction.

F.  Defendants shall maintain, in accordance with sound accounting principles, separate, accurate and complete financial ledgers, books and records that report on a periodic basis, such as the last business day of every month, consistent with past practices, the assets, liabilities, expenses, revenues and income of Sierra.

## VI. HOLD SEPARATE AND PRESERVATION OF THE DIVESTITURE ASSETS

For the duration of the period specified in Section VII:

A.  Defendants shall preserve, maintain, and continue to operate the Divestiture Assets and permit expeditious divestiture in a manner consistent with this Stipulation and Order and the proposed Final Judgment.

B.  Defendants shall take all steps necessary to preserve and maintain the value and goodwill of the Medicare Advantage Line of Business, and continue to operate the Medicare Advantage Line of Business as an economically viable, competitive, and ongoing line of

business.

C.   Defendant United shall provide sufficient working capital and lines and sources of credit to continue to maintain the Medicare Advantage Line of Business as an economically viable, competitive, and ongoing line of business.

D.   Defendants shall not, except as part of a divestiture approved by the United States in accordance with the proposed Final Judgment, remove, sell, lease, assign, transfer, destroy, pledge, or otherwise dispose of any of the Divestiture Assets.

E.   United's employees whose duties are primarily related to the operation of the Divestiture Assets shall not be terminated or reassigned to other areas within the company except for transfer bids initiated by employees pursuant to United's regular, established job posting policy. Defendants shall provide the United States and any Monitoring Trustee with ten (10) calendar days notice of such transfer.

F.   Defendants shall take no action that would jeopardize, delay, or impede the sale of the Divestiture Assets to an Acquirer acceptable to the United States in its sole discretion.

G.   Defendants shall use all reasonable efforts to maintain and increase the sales and revenues of the Medicare Advantage Line of Business, and shall maintain at previously approved levels for 2008, all operational, promotional, advertising, sales, technical, customer-service and marketing support for the Medicare Advantage Line of Business.

H.   Defendants shall provide such support services for the Medicare Advantage Line of Business as are required for the Medicare Advantage Line of Business to operate as an economically viable, competitive, and ongoing line of business. These services may include

federal and state regulatory compliance, including making all customary filings with CMS and other federal and state governmental units; human resources; legal; finance; actuarial; claims processing; software and computer operations support; eligibility, enrollment; utilization management and administrative and such other services as are reasonably necessary to operate the Medicare Advantage Line of Business.

I.  Defendants shall preserve the existing relationships of each provider, customer, and other entity or individual having business relations relating to the Medicare Advantage Line of Business, in accordance with current practice.

J.  Defendants shall maintain, in accordance with sound accounting principles, accurate and complete books and records that report on a periodic basis, such as the last business day of every month, consistent with past practices, the expenses, revenues, and income attributable to the Divestiture Assets.

K.  If Defendants fail to divest the Divestiture Assets by May 15, 2008, at the discretion of the United States, United shall be required to submit all necessary filings to CMS to ensure that the Divestiture Assets remain a viable, ongoing business, consisting of the same Medicare Advantage Plans that United offered in 2008 with comparable benefits and premiums.

L.  Subject to the approval of the United States, Defendants shall appoint a person or persons to oversee the Divestiture Assets. This person shall be responsible for ensuring Defendants' compliance with this section, and shall have complete managerial responsibility for the Divestiture Assets, subject to the provisions of this Final Judgment. In the event such person is unable to perform his duties, Defendants shall appoint, subject to the approval of the United

States, a replacement within ten (10) working days. Should Defendants fail to appoint a replacement acceptable to the United States within this time period, the United States shall appoint a replacement.

M. Defendants shall take no action that would interfere with the ability of any trustee appointed pursuant to the proposed Final Judgment to complete the divestitures pursuant to the proposed Final Judgment to an Acquirer acceptable to the United States.

### VII. CONTINUATION OF HOLD SEPARATE AND ASSET PRESERVATION STIPULATION AND ORDER

This Stipulation and Order shall remain in effect until consummation of the Divestiture required by the proposed Final Judgment or until further order of the Court.

Dated: February 25, 2008

Respectfully submitted,

FOR PLAINTIFF
UNITED STATES OF AMERICA

_____
Peter J. Mucchetti (D.C. Bar # 463202)
United States Department of Justice
Antitrust Division, Litigation I Section
1401 H Street, NW - Suite 4000
Washington, DC 20530

FOR DEFENDANT
UNITEDHEALTH GROUP INCORPORATED

_____
Robert E. Bloch (D.C. Bar # 175927)
Mayer Brown LLP
1909 K Street N.W.
Washington, DC 20006


DEFENDANT SIERRA HEALTH SERVICES, INC.:

_____
Arthur N. Lerner (D.C. Bar # 311449)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595

10

States, a replacement within ten (10) working days. Should Defendants fail to appoint a replacement acceptable to the United States within this time period, the United States shall appoint a replacement.

M.   Defendants shall take no action that would interfere with the ability of any trustee appointed pursuant to the proposed Final Judgment to complete the divestitures pursuant to the proposed Final Judgment to an Acquirer acceptable to the United States.

### VII. CONTINUATION OF HOLD SEPARATE AND ASSET PRESERVATION STIPULATION AND ORDER

This Stipulation and Order shall remain in effect until consummation of the Divestiture required by the proposed Final Judgment or until further order of the Court.

Dated: February ___, 2008

Respectfully submitted,

FOR PLAINTIFF
UNITED STATES OF AMERICA

_____
Peter J. Mucchetti (D.C. Bar # 463202)
United States Department of Justice
Antitrust Division, Litigation I Section
1401 H Street, NW - Suite 4000
Washington, DC 20530

FOR DEFENDANT
UNITEDHEALTH GROUP INCORPORATED

_____
Robert E. Bloch (D.C. Bar # 175927)
Mayer Brown LLP
1909 K Street N.W.
Washington, DC 20006

DEFENDANT SIERRA HEALTH SERVICES, INC.:

_____
Arthur N. Lerner (D.C. Bar # 311449)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595

10

**ORDER**

**IT IS SO ORDERED** by the Court, this 25 day of February 2008

_____
**United States District Judge**

11